328 S.E.2d 203

**STATE of West Virginia**

v.

**George Arthur FINNEY.**

No. 16135.

Supreme Court of Appeals of West Virginia.

March 22, 1985.

Mary Rich Maloy and John Ernest Shank, Asst. Attys. Gen., Charleston, for appellee.

Harold M. Sklar and Joseph M. Price, Robinson & McElwee, Charleston, for appellant.

PER CURIAM:

George Arthur Finney was convicted and sentenced in 1983 on a guilty plea of unlawful wounding and now appeals contending on numerous grounds that his guilty plea was not voluntarily and intelligently entered. He argues that his appointed attorney in several respects did not represent him with reasonable competency and that the trial court committed a number of errors rendering his guilty plea invalid. For the reasons that follow, we find no basis upon which to set aside the defendant's guilty plea and, therefore, affirm his conviction.

■ Before discussing the particular facts of this case, we find it appropriate to briefly state the legal principles that will guide our inquiry. In Syllabus Point 3 of *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978), we formulated the following general rule for setting aside a guilty plea based on incompetency of counsel, whether on direct appeal or in habeas corpus:

"Before a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error."

We elaborated on the legal requirements for setting aside a guilty plea based on ineffective assistance of counsel in *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S.E.2d 424 (1979), and emphasized that guilty pleas will not be lightly set aside on this ground. We held in Syllabus Points 2 and 3, as follows:

"2. Before an initial finding will be made that counsel acted incompetently with respect to advising on legal issues in connection with a guilty plea, the advice must be manifestly erroneous.

"3. A guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside."

*See also State v. Cecil*, 173 W.Va. 27, 311 S.E.2d 144 (1983).

The record of the trial proceedings discloses that the defendant was indicted for malicious wounding during the May, 1982 term of the Kanawha County Grand Jury. After he became dissatisfied with the services of his first court-appointed counsel, a new attorney was appointed in August, 1982. It is his services that are challenged as being constitutionally deficient. Following an October, 1982 suppression hearing, the trial court found that the defendant knowingly and intelligently waived his *Miranda* rights and gave two voluntary statements that were admissible in evidence.

■ On January 10, 1983, the trial court conducted a hearing pursuant to Rule 11, W.Va.R.Crim.P., and accepted the defendant's plea of guilty to unlawful wounding. The plea agreement was that the State would stand mute at sentencing in exchange for his guilty plea to the lesser-included offense.

At the beginning of the guilty plea proceeding, the trial court advised the defendant that the court was not going to be a part of any process whereby the defendant was pressured at the eleventh hour to enter a plea of guilty and explicitly advised the defendant that he would expect the defendant to let the court know if he was doing anything involuntarily or against his will. The trial court's questioning of the defendant also makes it clear that the defendant was aware that his attorney was not prepared to call a number of witnesses in his defense if trial were to be held that day. The hearing transcript clearly reflects that the defendant was fully aware of his rights and the consequences of his plea and decided to plead guilty after considering the advice of counsel. He understood that he did not have to follow counsel's advice and that the decision to plead guilty was his and his alone. The defendant indicated that he was satisfied with counsel's services and did not believe that his appointed attorney had done anything improper or had failed to do anything that he should have done.

The trial judge, in order to establish a factual basis for the plea, called a Kanawha County deputy sheriff who testified that the defendant had admitted that he had inflicted some of the injuries on the victim. The trial court also had the benefit of the defendant's confessions. Additionally, the defendant's wife stated that she had seen the defendant on several occasions draw his first back as if he were going to hit the child. The victim, who was the ten-year-old mentally retarded stepchild of the defendant, sustained, among other injuries, severe trauma to the left side of his face, causing his left eye to swell completely closed.

The defendant's statements at the guilty plea proceeding facially demonstrate the validity of his plea. Under Syllabus Point 3 of *Burton*, the defendant's plea must stand, unless counsel's manifestly erroneous advice induced him to enter the plea. The defendant's counsel later died and thus can provide no evidence concerning the competency of his advice.

The defendant's primary argument, however, is not that the defense counsel made gross legal errors in advising him to plead guilty, but rather that defense counsel was inebriated during the suppression hearing. It is argued here that the primary factor influencing the defendant to plead guilty was the trial court's ruling that the defendant's statements could be used against him at trial. Because of that fact, it is asserted that trial counsel's inebriation during the suppression hearing was manifestly prejudicial.

The suppression hearing was conducted to determine whether two tape-recorded statements the defendant made to law enforcement officers were admissible. Some hearsay evidence exists indicating that the defense counsel was drinking alcoholic beverages in the jury's deliberation room during recesses. When the trial judge was advised by court personnel that they believed defense counsel might be drinking during these recesses, the trial court asked him directly if he had been drinking. He denied it. In an affidavit filed in this proceeding, the trial judge stated that based upon his general knowledge and previous experience with defense counsel, together with his specific observations of his conduct during the suppression hearing itself, he could not conclude that even if he had been drinking alcoholic beverages that his ability or skills were perceptively diminished or impaired.

This defendant's argument that his incriminating statements induced his plea totally ignores the critical fact that the defendant, after having had the benefit of advice from his first appointed attorney, waived his self-incrimination rights and testified before the grand jury in an effort to persuade them not to indict him. This was, of course, well in advance of the suppression hearing. In that testimony, the defendant made essentially the same admissions he made to law enforcement officers. The trial court correctly ruled that the defendant's grand jury testimony was not subject to suppression on any constitutional ground and to that extent was relevant and admissible in the State's case in chief. In view of this ruling, we find it improbable that the defendant was in fact induced to enter a plea by the trial court's later ruling that his incriminatory statements to the police were admissible in evidence.

After careful consideration of the record, we conclude that defense counsel did not give manifestly erroneous legal advice to the defendant. Furthermore, we conclude that the defendant's guilty plea was not motivated by counsel error. The authorities cited to us by appellate counsel concerning intoxication of counsel are clearly inapposite.

We likewise find no merit in several assertions relating to the conduct of the trial court judge in this case. Indeed, some of the arguments, including the allegation that the trial court was improperly involved in the plea bargaining in this case, are frivolous. The contention that the accused was not mentally competent to plead guilty is not borne out by the record and is, therefore, without merit.

■ The allegation that the defendant was denied a speedy trial is also without merit. Trial was set during the same term as the indictment and was continued to the next term on motion of his second appointed attorney. Trial was set during that term, and he pled guilty.

We find the defendant's plea to have been voluntarily and intelligently made, upon the advice of reasonably competent counsel, and with a full understanding of the direct consequences of the plea.

For these reasons, the conviction is affirmed.

Affirmed.